1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Abelino Suarez-Reyes,                      No.   CV-20-01222-PHX-MTL (JFM)

10                          Petitioner,

11   v.                                         **ORDER**

12   Jesse Williams, et al.,

13                          Respondents.

14

15         Petitioner Abelino Suarez-Reyes (A# 209-808-770) has filed, through counsel, an

16   "Emergency Petition for Writs of Habeas Corpus and Mandamus [and] Declaratory and

17   Injunctive Relief" (Doc. 1) and an Emergency Motion for Temporary Restraining Order

18   and Stay of Removal (Doc. 2).  The Petition will be dismissed, and the Motion will be

19   denied as moot.

20   **I.      Background**

21         Petitioner is a native and citizen of Mexico.  In July 2017, he entered the United

22   States without inspection and was issued an expedited order of removal.  Petitioner was

23   subsequently charged and convicted of illegal reentry in violation of 8 U.S.C. § 1325, and

24   in January 2020, he began serving a two-and-a-half-month sentence.  After completing his

25   sentence, Petitioner was transferred into the custody of the United States Department of

26   Homeland Security ("DHS") and detained in the CoreCivic La Palma Correctional Center.

27   Petitioner expressed a fear of persecution or torture if returned to Mexico and was referred

28   for a credible fear interview.  An asylum officer determined that Petitioner did not have a

1    credible fear of persecution or torture, and on June 18, 2020, an immigration judge affirmed

2    that determination.

3         Petitioner is married to a United States citizen and has two United States citizen

4    children.  He states that he is the beneficiary of a Form I-360 self-petition pursuant to the

5    Violence Against Women Act ("VAWA"), as an abused spouse of a United States citizen,

6    and has received a prima facie determination of eligibility from United States Citizenship

7    and Immigration Services ("USCIS").  He further alleges that he is eligible to apply for a

8    T-1 Visa as a victim of labor trafficking and is in the process of finalizing his application.

9    **II.     Petition**

10        In the Petition, Petitioner names Arizona Field Office Director Jesse Williams,

11   Acting USCIS Director Matthew Albence, and Acting Secretary of DHS Chad Wolf as

12   Respondents.  He brings two grounds for relief pursuant to 28 U.S.C. §§ 1331, 1361, 2201,

13   2241 and the Administrative Procedure Act.

14        In Ground One, Petitioner claims that his removal without an opportunity to apply

15   and have his VAWA and T-1 Visa applications adjudicated constitutes a denial of due

16   process in violation of the Fifth Amendment.  (Doc. 1 ¶¶ 25-27.)

17        In Ground Two, Petitioner claims that his "[d]etention violates due process unless

18   it bears a reasonable relationship to the government's purposes – effectuating removal and

19   protecting against danger.  The current detention conditions at La Palma Correctional

20   Center due to COVID-19 are subpar and places [Petitioner's] health at great risk."  (Doc.

21   1 ¶¶ 28-30.)

22        Petitioner asks the Court to: (1) issue a temporary restraining order and preliminary

23   injunction temporarily staying his removal until this action is decided; (2) declare that

24   Respondents have violated his rights by denying processing of his application for stay of

25   removal (Form I-246); (3) enjoin Respondents from removing Petitioner without first

26   providing him with sufficient opportunity to have his VAWA self-petition and T-1

27   application adjudicated; (4) enjoin respondents from transferring Petitioner outside "the

28   jurisdiction of the Arizona Field Office;" (5) direct Respondents to release Petitioner or

1  provide him an individualized determination by an impartial adjudicator that his detention

2  is justified; and (6) award him reasonable attorneys' fees and costs.

3  **III.    Discussion**

4      **A.    Habeas Corpus - 28 U.S.C. § 2241**

5      A federal district court is authorized to grant a writ of habeas corpus under

6  28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the

7  United States . . . in violation of the Constitution or laws or treaties of the United States."

8  28 U.S.C. §§ 2241(c)(1), (3).  "The writ of habeas corpus historically provides a remedy

9  to non-citizens challenging executive detention."  *Trinidad y Garcia v. Thomas,* 683 F.3d

10  952, 956 (9th Cir. 2012).  *See also Munaf v. Geren*, 553 U.S. 674, 693 (2008); *Allen v.*

11  *McCurry*, 449 U.S. 90, 98 n.12 (1980).

12      Habeas corpus review is not available for claims "arising from the decision or action

13  by the Attorney General to commence proceedings, adjudicate cases, or execute removal

14  orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to

15  remove an alien," 8 U.S.C. § 1252(b)(9), or "challeng[ing] a 'discretionary judgment' by

16  the Attorney General or a 'decision' that the Attorney General has made regarding [an

17  alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8

18  U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii).  But, "the extent of the

19  Government's detention authority is not a matter of 'discretionary judgment,' 'action,' or

20  'decision.'"  *Jennings v. Rodriguez*, 583 U.S. ___, 138 S. Ct. 830, 841 (2018).  Thus,

21  "challenges to the statutory framework" authorizing detention, *Jennings*, 138 S. Ct. at 841,

22  "questions of law" raised in the application or interpretation of detention statutes, *Leonardo*

23  *v. Crawford,* 646 F.3d 1157, 1160 (9th Cir. 2011), and "constitutional claims," such as

24  "claims that the discretionary process itself was constitutionally flawed[,] are 'cognizable

25  in federal court on habeas because they fit comfortably within the scope of § 2241,'" *Singh*

26  *v. Holder,* 638 F.3d 1196, 1202 (9th Cir. 2011) (quoting *Gutierrez-Chavez v. I.N.S.*, 298

27  F.3d 824, 829 (9th Cir. 2002)).

28      First, Ground One fails to present a cognizable claim for habeas corpus review.

1    Petitioner attacks Respondents' decision to remove him before the filing and adjudication

2    of his VAWA and T-Visa applications. Because these claims arise from Respondents'

3    decision or action to execute his removal order, they are barred by 8 U.S.C. § 1252(g). *See*

4    *Jennings*, 138 S. Ct. at 841; *Garcia-Herrera v. Asher*, No. 13-35435, 585 Fed. App'x 439,

5    440 (9th Cir. Oct. 6, 2014) (finding petitioner's "challenges [to] ICE's decision not to delay

6    his removal pending the adjudication of his application for relief … constitutes a challenge

7    to ICE's decision to execute a removal order" and is barred from review under § 1252(g));

8    *cf. Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018) ("Where the Attorney General

9    totally lacks the discretion to effectuate a removal order, § 1252(g) is simply not

10   implicated."). While Petitioner alleges that his removal before he "perfect[s]" his

11   applications would violate due process and "the spirit of the law," he does not identify any

12   specific legal authority, policy, or practice which he challenges as unconstitutional.

13   Petitioner's generalized claim that he will be deprived of "an opportunity to have his claims

14   heard at a meaningful time and in a meaningful manner" is simply insufficient to show that

15   his claim is not precluded by § 1252(g).

16       Second, Petitioner's challenge in Ground Two to his continued detention during the

17   COVID-19 pandemic fails to state a colorable claim. Petitioner merely alleges that his

18   detention violates due process. He does not articulate any reasoning or provide any factual

19   support for his claim that conditions "are subpar" and place his health at risk. Accordingly,

20   Petitioner fails to state a cognizable or colorable claim for habeas corpus review under §

21   2241.

22       **B.    Mandamus - 28 U.S.C. § 1361**

23       The Mandamus Act, 28 U.S.C. § 1361, grants district courts "original jurisdiction

24   of any action in the nature of mandamus to compel an officer or employee of the United

25   States or any agency to perform a duty owed to the plaintiff." "Mandamus is an

26   extraordinary remedy granted in the court's sound discretion." *Johnson v. Reilly*, 349 F.3d

27   1149, 1154 (9th Cir. 2003) (citation omitted). For mandamus relief, a petitioner must

28   show: (1) petitioner has a clear and certain claim; (2) the respondent has a non-

- 4 -

1  discretionary, ministerial duty, which is so plain as to be free from doubt; and (3) the

2  petitioner does not have an adequate available remedy.  *Id.* at 1153.

3        Although indirectly, Petitioner requests a writ of mandamus compelling a decision

4  on his VAWA and T-Visa applications before he is removed.  Petitioner, however, has not

5  alleged any facts to support that USCIS has a "clear nondiscretionary duty" to adjudicate

6  either application before an applicant is removed, *Heckler v. Ringer*, 466 U.S. 602, 616

7  (1984), or that USCIS owes such a duty with respect to Petitioner.  Petitioner therefore also

8  fails to state a colorable claim for relief under § 1361.

9        **C.      Administrative Procedure Act - 5 U.S.C. § 702**

10       The Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.*, authorizes "[a]

11  person suffering legal wrong because of agency decision, or adversely affected or

12  aggrieved by agency action" to seek judicial review of the agency action.  5 U.S.C. § 702.

13  "[A]gency action" is defined to include "the whole or a part of an agency rule, order,

14  license, sanction, relief, or the equivalent or denial thereof, or failure to act."  5 U.S.C.

15  § 551(13).  Where an agency has failed to act within the meaning of the APA, a court may

16  compel the "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §

17  706(1).

18       Petitioner has not identified the specific agency action for which he invokes review

19  under the APA.  He does not point to any final determination by USCIS that is subject to

20  review under 5 U.S.C. § 704, nor does he claim that USCIS has unlawfully denied or

21  unreasonably delayed an "individualized determination" on an application under § 706.

22  *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("a claim under

23  § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete

24  agency action that it is required to take"); *Mamigonian v. Biggs*, 710 F.3d 936, 941-42 (9th

25  Cir. 2013).  Insofar as Petitioner may seek review of DHS's decision to remove him or to

26  deny his application to stay his removal, for the reasons above, that claim is barred from

27  review under 8 U.S.C. § 1252(g).  *See* 5 U.S.C. § 701(a)(1) (incorporating other

28  jurisdiction-stripping statutes as a limit on APA claims).  Petitioner therefore fails to state

1   a cognizable claim for review under the APA.

2        Petitioner having failed to present cognizable or colorable grounds for relief, the

3   Court will dismiss the Petition and deny his Motion as moot.  *See* Rule 4, foll. 28 U.S.C. §

4   2254[1] (a district court may summarily dismiss a habeas corpus action "[i]f it plainly appears

5   from the face of the petition and any attached exhibits that the petitioner is not entitled to

6   relief in the district court"); *Munaf*, 553 U.S. at 692; *McFarland v. Scott*, 512 U.S. 849,

7   856 (1994).

8   **IT IS ORDERED:**

9        (1)   Petitioner's Emergency Petition for Writs of Habeas Corpus and Mandamus

10  and Declaratory and Injunctive Relief (Doc. 1) is **denied** and this action is **dismissed**.

11       (2)   Petitioner's Emergency Motion for Temporary Restraining Order and Stay of

12  Removal (Doc. 2) is **denied as moot**.

13       (3)   The Clerk of Court shall enter judgement accordingly and terminate this case.

14       Dated this 22nd day of June, 2020.

15

16

17                          Michael T. Liburdi
                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28
        [1] The Rules Governing Section 2254 Cases in the United States District Courts apply
    to habeas corpus proceedings under § 2241.  *See* Rule 1(b), foll. 28 U.S.C. § 2254.